UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 8:22-cv-2721-SDM-MRM
                                                                                              8:19-cr-282-SDM-MRM

LEOVANY SIERRA

_____/

**<u>ORDER</u>**

Sierra moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for brandishing a firearm during and in relation to a crime of violence, for which he is imprisoned for 144 months. Both the conviction and the sentence accord with the plea agreement. The motion to vacate lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming the summary dismissal of a Section 2255 motion as proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright*).

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

Sierra was charged with both robbery — "knowingly and unlawfully taking and obtaining personal property consisting of jewelry, from the person and in the presence of another, that is, an employee of Ultra Jewelry, against the employee's will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person" — and brandishing a firearm during a crime of violence — "knowingly use and carry and brandish a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a robbery." (Doc. 1 at 1 and 2 in the criminal case)  Under the terms of the plea agreement, Sierra admits that during the robbery he was "principally focused on keeping the employees at gunpoint" while his co-defendant focused on taking the jewelry, which was worth approximately $322,630.  (Doc. 53 at 19)

In his motion to vacate Sierra contends that, under *Taylor v. United States*, 142 S. Ct. 2015 (2022), Hobbs Act robbery is no longer a crime of violence that supports his brandishing conviction.  Sierra misreads *Taylor*, which determines that **attempted** Hobbs Act robbery is not a crime of violence to support a brandishing conviction. 142 S. Ct. at 2020.  Sierra admittedly succeeded in taking the jewelry from the employees at gunpoint.  Consequently, *Taylor* is inapplicable.

The motion (Doc. 1) under 28 U.S.C. § 2255 is **DENIED**.  The clerk must (1) enter a judgment and close this civil case and (2) enter a copy of this order in the criminal case.

### DENIAL OF BOTH
### CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL IN FORMA PAUPERIS

Sierra is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Sierra must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Sierra is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Sierra must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 20, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE